# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES HOSE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15-cv-01913-JAR ) |
| HENRY INDUSTRIES, INC., | ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff James Hose's Motion to Dismiss and/or Strike Defendant Henry Industries, Inc.'s Counterclaims (Doc. 14). The motion is fully briefed and ready for disposition. For the following reasons, the Court will deny the motion.

### I. Background

In September 2013, Plaintiff filed a collective action in the U.S. District Court for the District of Kansas ("FLSA collective action"), alleging that Defendant had misclassified him and other similarly-situated employees as independent contractors, and failed to pay them overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (Doc. 1). In November 27, 2013, Plaintiff filed a class action, on behalf of himself and other similarly-situated employees, in the Circuit Court for the City of St. Louis, seeking compensation for unpaid overtime wages under the Missouri Minimum Wage Maximum Hour Law ("state class action"). Hose v. Henry Industries, Inc., No. 1322-CC10037 (Cir. Ct. City of St. Louis).

Plaintiff then filed the instant action in this Court, alleging that Defendant terminated his employment on December 27, 2013, because he filed the FLSA collective action and the state

class action. According to Plaintiff, Defendant violated the FLSA's anti-retaliation provision and Missouri public policy by terminating him (Doc. 1).

Defendant filed an answer, raising various affirmative defenses and asserting two counterclaims. In its first counterclaim, Defendant seeks declaratory judgment that Plaintiff was an independent contractor whose scope of work was not covered by the FLSA (declaratory judgment counterclaim). In its second counterclaim, Defendant alleges that Plaintiff breached a contract in which he agreed that his relationship with Defendant would be as an independent contractor, not as an employee, and that he would indemnify Defendant in any suit brought by Plaintiff under, inter alia, minimum wage or overtime laws, based on a theory that Defendant was his employer (indemnification counterclaim). Defendant cites 28 U.S.C. §§ 1332(a) (diversity jurisdiction), 1367(a) (supplemental jurisdiction), and 2201-2202 (declaratory judgment jurisdiction) as the bases for the Court's jurisdiction over its counterclaims (Doc. 9).

Plaintiff now moves to dismiss and to strike Defendant's counterclaims (Doc. 14). Plaintiff argues that the declaratory judgment counterclaim should be dismissed because it is redundant to one of Defendant's affirmative defenses, i.e., that Plaintiff was not an employee under the FLSA. Plaintiff also argues that the declaratory judgment counterclaim should be dismissed because it is not yet ripe for judicial review, as it will necessitate further factual development relating to the extent Defendant exercised control and influence over Plaintiff's work. In addition, Plaintiff argues that the Court lacks supplemental jurisdiction over the indemnification counterclaim because it is permissive and is insufficiently related to Plaintiff's retaliatory-discharge claim. Plaintiff further argues that the indemnification counterclaim should be dismissed for failure to state a claim because it is preempted by the FLSA and because the contract is invalid, unconscionable, and unenforceable (Docs. 14-15, 28).

In response, Defendant opposes dismissal of the declaratory judgment counterclaim, arguing that it is not redundant to any of its affirmative defenses, and that the Court has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202. Defendant contends that it has invoked the Court's diversity jurisdiction with respect to the indemnification counterclaim, as the parties are completely diverse and the amount in controversy exceeds $75,000. Defendant additionally argues that the Court has supplemental jurisdiction over the indemnification counterclaim because the claim is part of the same case or controversy as Plaintiff's claim, as it arises from the same common nucleus of operative facts. According to Defendant, the contract is enforceable under both Missouri and federal laws, as the FLSA preempts indemnification actions against employees, but not independent contractors. Defendant also argues that its indemnification counterclaim should not be dismissed without discovery on the issue of whether Plaintiff was an independent contractor or an employee under the FLSA (Doc. 22).

## II. Discussion

### A. Dismissal of Counterclaims for Lack of Subject Matter Jurisdiction

"[J]urisdiction is a threshold question and must be answered before all other questions." Ginters v. Frazier, 614 F.3d 822, 826 (8th Cir. 2010) (citing Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007)). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), [a counterclaim] must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). When considering a facial challenge to its jurisdiction, the Court must restrict itself to the face of the pleadings, and presume the truth of all the factual allegations concerning jurisdiction in the counterclaim. Id. (citing Osborn, 918 F.2d at 729 n.6). A motion asserting a

facial challenge to the Court's jurisdiction over a counterclaim will be successful if the defendant fails to allege an element necessary for subject matter jurisdiction. Id. Here, the parties agree that both of Defendant's counterclaims are permissive and therefore, that they require an independent basis for the Court's subject matter jurisdiction. Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cty., Mo., 747 F.2d 1195, 1197 (8th Cir. 1984). Because Plaintiff makes a facial challenge to Defendant's counterclaims, for the purpose of this motion, the Court will presume the truthfulness of Defendant's factual allegations concerning jurisdiction.

Notably, Plaintiff does not dispute—and the Court agrees—that the Court has subject matter jurisdiction over Defendant's declaratory judgment counterclaim under 28 U.S.C. §§ 2201 and 2202. The Court concludes that Defendant has also established that the Court has subject matter jurisdiction over its indemnification counterclaim, as the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (diversity jurisdiction). The Court thus has subject matter jurisdiction over both counterclaims, and therefore, it need not resolve the issue of whether the indemnification counterclaim is sufficiently related to Plaintiff's FLSA retaliation claim as to warrant the Court's exercise of supplemental jurisdiction over the indemnification counterclaim. See 28 U.S.C. § 1367(a); Auto-Owners, 495 F.3d at 1024.

Moreover, the Court is not persuaded by Plaintiff's argument that the indemnification counterclaim is not yet ripe for judicial review. See Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 814 (8th Cir. 2006) (ripeness is a jurisdictional issue). In Missouri, "there two types of indemnification contracts: those that indemnify against liability and those that indemnify against loss." Scheck Indus. Corp. v. Tarlton Corp., 435 S.W.3d 705, 730 (Mo. Ct. App. 2014) (citing Burns & McDonnell Eng'g Co. v. Torson Constr. Co., 834 S.W.2d 755, 758 (Mo. Ct. App. 1992)). A claim for indemnification against liability is ripe for adjudication when

4

the party seeking indemnification "has suffered a judgment and liability has attached." Id. (quoting Fast v. Marston, 282 S.W.3d 346, 348 (Mo. 2009)). Where an indemnification claim is against loss, the cause of action accrues "when the indemnitee sustains actual loss." Id. (quoting Burns, 834 S.W.2d at 758). As relevant, the contract at issue in this case requires Plaintiff to indemnify Defendant from

> all liabilities, damages, . . . costs of suit, and any other expense (including attorneys' fees) to which any of the indemnified parties may be subjected, arising out of or in connection with . . . any action, suit, claim, or legal . . . proceeding . . . initiated by or on behalf of any contractor . . . based on a theory that [Defendant] is an employer of . . . such contractor . . . , including any action, suit, claim or legal . . . proceeding . . . under federal or state law for violation of minimum wage, wage payment, or overtime laws or under any employment related statutory or regulatory provision.

(Doc. 9.1 at 6). The Court concludes that the indemnification counterclaim seeks reimbursement for a loss that falls squarely within the contract's indemnification clause, i.e. attorney's fees Defendant has incurred as a result of an alleged breach of the contract by Plaintiff. As such, Defendant need not establish that it suffered a liability or that a judgment has been entered against it before its counterclaim is ripe for judicial review. The Court will therefore deny the motion to dismiss Defendant's counterclaims for lack of subject matter jurisdiction.

### B. Dismissal of the Counterclaims for Failure to State a Claim

#### 1. Breach of Contract and Indemnification

To establish a breach of contract claim under Missouri law, Defendant must establish the existence of a valid contract, the rights and obligations imposed by the contract, a breach, and damages." Hanna v. Darr, 154 S.W.3d 2, 5 (Mo. Ct. App. 2004) (citing Evans v. Werle, 31 S.W.3d 489, 493 (Mo. Ct. App. 2000)). Plaintiff asserts that the indemnification counterclaim fails to state a claim for breach of contract. He does not challenge the existence of the contract, but instead asserts that the contract (1) is invalid and unenforceable under Missouri law because

it is unconscionable, and (2) is preempted by the FLSA. Defendant denies that the contract is unconscionable, and asserts that it is not preempted by the FLSA.

     a. Unconscionability

Under Missouri law, unconscionable contract clauses are not enforceable. See Whitney v. Alltel Commc'ns, Inc., 173 S.W.3d 300, 308 (Mo. Ct. App. 2005). "Unconscionability has two aspects: procedural unconscionability and substantive unconscionability. Procedural unconscionability deals with the formalities of making the contract, while substantive unconscionability deals with the terms of the contract itself." State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 858 (Mo. 2006) (citing Bracey v. Monsanto Co., Inc., 823 S.W.2d 946, 950 (Mo. 1992)). "Procedural unconscionability focuses on such things as high pressure sales tactics, unreadable fine print, or misrepresentation among other unfair issues in the contract formation process." Id. (citing Whitney, 173 S.W.3d at 308). Substantive unconscionability refers to "an undue harshness in the contract terms." Id. Here, Plaintiff has not identified any unfair issues in the formation of the contract that support his allegation of procedural unconscionability. He does not allege that Defendant made any misrepresentations during the formation of the parties' contract, and the contract does not contain any fine print. Notably, the indemnification provision of the parties' contract is printed in all capital letters, whereas the remainder of the contract is in normal print. Moreover, the contract—at least to the extent it binds independent contractors—does not include unduly harsh terms. The Court thus concludes that Defendant's counterclaim is not subject to dismissal based on unconscionability of the contract it seeks to enforce.

     b. FLSA Preemption

In enacting the FLSA, Congress intended to "achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the

Act." Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am., 325 U.S. 161, 167 (1945). "Any custom or contract falling short of that basic policy . . . cannot be utilized to deprive employees of their statutory rights." Id. Plaintiff argues that Defendant's counterclaims are preempted by and inconsistent with the FLSA because the indemnification provision could, if enforced against an employee, require the employee to indemnify Defendant against the employee's own meritorious FLSA action, essentially precluding Defendant's employees from ever prevailing in an action to vindicate their rights against Defendant under the FLSA. In support of his position, Plaintiff cites cases in which courts have found that an employer cannot bring counterclaims against its employees for indemnification against liabilities arising out of the employee's violations of the FLSA. See e.g., LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986) ("No cause of action for indemnity by an employer against its employees who violate the [FLSA] appears in the statute, nor in forty years of its existence has the Act been construed to incorporate such a theory. Where Congress has undertaken to regulate an area, state law must yield to the extent it is in conflict with the validly exercised federal law-making effort."). Plaintiff argues that such indemnification provisions, at least to the extent they are enforced against employee-plaintiffs, are contrary to and inconsistent with the purpose of the FLSA, as they would allow employers to contract away their obligations under the FLSA.

In response, Defendant reiterates that it seeks to enforce the indemnification provision against Plaintiff, who in Defendant's view, was an independent contractor. Defendant appears to concede that the indemnification provision would be unenforceable against Plaintiff should it ultimately be determined that he was, in fact, an employee of Defendant for purposes of the FLSA. According to Defendant, however, the indemnification is not preempted by the FLSA because independent contractors fall outside the scope of, and are not protected by, the FLSA

7

and its preemptive force; and that as such, a contractual agreement requiring an independent contractor to indemnify Defendant for costs it incurs in defending an FLSA claim brought by the independent contractor does not implicate FLSA's policy or preemptive force. In support its position, Defendant notes that in most the cases cited by Plaintiff, there was no real dispute as to whether the plaintiff was an employee, as opposed to an independent contractor, of the defendant-employer. Defendant also argues that, in cases in which the parties disputed whether the plaintiff was an employee or independent contractor of the defendant, courts have declined to dismiss indemnification counterclaims, and have instead allowed such claims to proceed, noting that discovery would be necessary before determining the nature of the relationship between the parties. According to Defendant, dismissal of its counterclaim on preemption grounds at this point in the proceeding would be premature, and that such a fact-intensive determination should instead be made in a post-discovery motion for summary judgment.

The Court agrees that counterclaims brought by employers seeking indemnity from their employees for liabilities under the FLSA are generally preempted by the FLSA and its broad remedial scheme. LeCompte, 780 F.2d at 1264; see also Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1406-08 (10th Cir. 1992) ("[A] third party complaint by an employer seeking indemnity from an employee [for its own violation of the FLSA] is preempted."); Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992); Gustafson v. Bell Atlantic Corp., 171 F. Supp. 2d 311, 327-28 (S.D.N.Y. 2011) ("Allowing indemnification [from an employee by an employer under the FLSA] would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute."). The Court concludes that, at this stage of the proceeding, it would be premature to dismiss Defendant's indemnification counterclaim based on FLSA preemption. Specifically, the Court concludes that it is not yet clear whether Defendant's

indemnification counterclaim is preempted by the FLSA, as there remains a factual dispute as to whether Plaintiff was an independent contractor or an employee of Defendant. Courts do not apply the traditional common law analysis to determine whether an FLSA plaintiff is an "employee," to whom the FLSA's protections apply, or an "independent contractor" to whom it does not. 29 U.S.C. §§ 201, et seq.; Dole v. Amerilink Corp., 729 F. Supp. 73, 77 (E.D. Mo. 1990) (FLSA's wage and hour protections did not apply to independent contractors). Instead, the relevant inquiry focuses on the "economic reality" of the relationship between the parties, and requires consideration of six non-exhaustive, non-determinative factors. Id.; Thornton v. Mainline Comm'ns, LLC, 157 F. Supp. 3d 844, 847-48 (E.D. Mo. 2016) (discussing factors).

Given the parties' disagreement as to the nature of their relationship, the Court will need to undertake a fact-intensive inquiry into the "economic reality" of their relationship before it will be able to determine whether Defendant's indemnification counterclaim is preempted by the FLSA. Spellman v. Am. Eagle Express, Inc., 680 F. Supp. 2d 188, 189-92 (D.D.C. 2010) (where defendant argued that the FLSA did not apply because plaintiffs were independent contractors, denying motion to dismiss indemnification counterclaim, as the Court could not "say at this juncture that the counterclaim [was] preempted by, or contrary to the policy of, the FLSA"); Dobbins v. Scriptfleet, Inc., No. 8:11-cv-1923-T-24-AEP, 2012 WL 2282560 (M.D. Fla. June 18, 2012) (denying plaintiff's motion to dismiss indemnification counterclaim because the FLSA does not apply to independent contractors; indemnification counterclaim was viable because the defendant did not seek indemnification for "an FLSA liability imposed upon it" but instead was based on a theory that the plaintiff was an independent contractor, and thus, that her FLSA claim would fail). The Court will deny Plaintiff's motion to dismiss Defendant's indemnification

9

counterclaim on preemption grounds, as such a determination would be premature at this stage of the proceeding.

## 2. Dismissal of the Declaratory Judgment Counterclaim as Redundant

A civil defendant is entitled to assert, by way of counterclaims, all issues, claims and relief that are related to the facts alleged in the complaint. Bailey-Todd v. Washington Univ., No. 4:14CV00384 TIA, 2015 WL 331803, at *2 (E.D. Mo. Jan. 23, 2015) (citing Chapman v. Washington Univ., No. 4:12CV01892 CAS, 2013 WL 3716391, at *2 (E.D. Mo. July 12, 2013)). Counterclaims for declaratory relief are to be dismissed as redundant only where all issues arising from the action's nucleus of operative facts are adequately addressed by the complaint and the counterclaimant's affirmative defenses thereto. Fidelity Nat. Title Ins. Co., 788 F. Supp. 2d 970, 973 (E.D. Mo. 2011). Thus, a counterclaim will not be dismissed as redundant unless "a complete identity of factual and legal issues exist[s] between the complaint (and answer thereto) and counterclaim." Id. (citing Handi-Craft Co. v. Travelers Cas. & Surety Co. of Am., No. 4:12CV63 JCH, 2012 WL 1432566, at *3 (E.D. Mo. Apr. 25, 2012)). "[I]f it cannot be determined early in the litigation if the counterclaim is identical to the complaint, 'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" Fidelity Nat. Title Ins. Co. v. Captiva Lake Invs., LLC, 788 F. Supp. 2d 970, 973 (E.D. Mo. 2011) (quoting Richmond v. Centurion Exteriors, Inc., No. 3:10-0734, 2010 WL 3940592, at *1 (M.D. Tenn. Oct. 6, 2010)). Moreover, parties have wide discretion to plead alternative forms of the same defenses, see Fed. R. Civ. P. 8(d); and there is no blanket prohibition on a party raising affirmative defenses by declaratory action, Post Performance, LLC v. Renaissance Imports, Inc.,

333 F. Supp. 2d 834, 838 (E.D. Mo. 2004) ("[C]ourts regularly consider the merits of affirmative defenses raised by declaratory plaintiffs.").

Here, Plaintiff asserts a single FLSA retaliation claim. In its counterclaim, Defendant seeks a declaration that Plaintiff was an independent contractor, and that he thus was not entitled to protection from retaliatory discharge under the FLSA. At this time, it appears that resolution of Plaintiff's FLSA retaliation claim will not necessarily resolve the issue of whether Plaintiff was an independent contractor or an employee. Put another way, it is not yet clear that judgment in Defendant's favor on Plaintiff's retaliation claim will necessarily moot Defendant's declaratory judgment counterclaim. Fidelity, 788 F. Supp. 2d at 973 (denying motion to dismiss a counterclaim for declaratory judgment as redundant because plaintiff failed to address whether a judgment for defendant on the complaint would automatically entitle defendant to all the relief he sought in his counterclaim). The declaratory judgment counterclaim thus is not redundant. Defendant's declaratory judgment counterclaim additionally seeks an award of attorney's fees, a claim for relief that is beyond the scope of both Plaintiff's FLSA retaliation claim set forth in his complaint and the affirmative defenses Defendant raises in its answer. See Chapman, 2013 WL 3716391, at *2 (a declaratory judgment counterclaim is not redundant if it uniquely seeks attorney's fees). Therefore, the Court will deny Plaintiff's motion to the extent it seeks dismissal of Defendant's declaratory judgment counterclaim based on duplicity or redundancy.

**C. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading, inter alia, "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored and are infrequently granted, as they are an "extreme measure" and propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Serv., 221 F.3d 1059, 163 (8th Cir. 2000).

Resolution of such motions lies within the Court's broad discretion. Id. For the same reasons set forth above, the Court concludes that there is no basis to strike Defendant's counterclaims. Accordingly,

### III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss and/or Strike Defendant's Counterclaims is **DENIED**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of January, 2017.